IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

FILED-CLERK
U.S. DISTRICT COURT
2009 SEP 11 PM 1:45
TEXAS-EASTERN
BY_____

| | |
|---|---|
| MICHAEL T. KONCZAL, | § § § § § § |
| *Plaintiff,* | § § |
| v. | § § No. 4:09cv460 § Judge Schell |
| JEAN RINGS BY MARC LLC, AKA JEAN RINGS BY MARC LTD, AKA THE ORIGINAL JEAN RING COMPANY, AKA MARK WEINSTEIN, | § § § § § § § § |
| *Defendants.* | § § |

### PLAINTIFFS' ORIGINAL COMPLAINT FOR FALSE PATENT MARKING

MICHAEL T. KONCZAL, ("Plaintiff") brings this action for false patent marking against JEAN RINGS BY MARC LLC, also known and/or doing business as JEAN RINGS BY MARC LTD, THE ORIGINAL JEAN RING COMPANY, and Mark (and Marc) Weinstein, (collectively, "Defendants") as follows:

This is an action under Title 35, Section 292 of the United States Code for false patent marking.

## I. THE PARTIES

1. MICHAEL T. KONCZAL ("Plaintiff") is a person residing in Texas and having a correspondence address of P.O. Box 863656, Plano Texas 75086.

2. Upon information and belief, JEAN RINGS BY MARC LLC ("Defendant") is, and at all relevant times mentioned herein was, a limited liability company organized under the laws of Missouri, having its principal place of business at 347 Dinsmoor Drive, Chesterfield, MO 63071.

3. Upon information and belief, JEAN RINGS BY MARC LTD, and THE ORIGINAL JEAN RING COMPANY, at all relevant times mentioned herein are/were, trade names used by JEAN RINGS BY MARC LLC, and/or subsidiaries or divisions of JEAN RINGS BY MARC LLC, and are/were alter egos and/or agents of JEAN RINGS BY MARC LLC and/or Mark Weinstein.

## II. JURISDICTION AND VENUE

4. This is an action for false patent marking arising under the patent laws of the United States, Title 35, United States Code, specifically, under Title 35, Section 292 of the United States Code. The Court's jurisdiction is proper under the above statutes, and 28 U.S.C. §§ 1331 and 1338(a).

5. Plaintiff is a person entitled to bring this action under Title 35, Section 292(b).

6. This Court has personal jurisdiction over the Defendants. The Defendants have conducted and do conduct business within the State of Texas. Each Defendant, directly or through intermediaries (including distributors, retailers, web hosting sites, and

others), advertises, ships, distributes, offers for sale, and sells its products in the United States, the State of Texas, and the Eastern District of Texas. Each Defendant has purposefully and voluntarily placed one or more of its falsely advertised unpatented products, as described below, into the stream of commerce with the expectation that they will be purchased by consumers in the Eastern District of Texas. These falsely advertised products have been and continued to be purchased by consumers, including the Plaintiff, in the Eastern District of Texas. Each Defendant has committed the offense of false marking as defined by the Statute within the State of Texas and, more particularly, within the Eastern District of Texas.

7. Venue is proper in this Court under 28 U.S.C. §§ 1391(c), and 28 U.S.C. § 1395(a) because, at least in part, Defendants' falsely advertised unpatented products, the subject matter of this cause of action, have in the past been advertised and sold to the Plaintiff in this District, and are presently advertised, offered for sale, and sold in this District.

### IV. DEFENDANTS' FALSELY ADVERTISED PRODUCTS

8. The Defendants collectively or individually, use in advertising in connection with unpatented articles the word "patent", importing that the same are patented, for the purpose of deceiving the public. Upon information and belief Defendants presently advertise (or cause to be advertised) at least the following of its unpatented articles as "patented": The Original Jean Ring® Key Ring; DeHart Jean Ring® Key Ring; The Chrome Jean Ring® Key Ring; Chrome DeHart Jean Ring® Key Ring; Whistle Jean Ring® Key Ring Brass; Whistle Jean Ring® Key Ring Chrome; Balls

Jean Ring® Key Ring Brass; Balls Jean Ring® Key Ring Chrome; Finger Jean Ring® Key Ring Brass; Finger Jean Ring® Key Ring Chrome.

## V.     CAUSE OF ACTION FOR FALSE PATENT MARKING

9.  Plaintiff incorporates by reference, repeats, and re-alleges the content of the above paragraphs as though fully set forth herein.

10. Upon information and belief, the Defendants have many years of experience in applying for, acquiring, and maintaining at least one registered trademark.

11. Upon information and belief, the Defendants have many years of experience marking goods sold and offered for sale with pertinent, or potentially pertinent, trademark status.

12. Upon information and belief, the Defendants know, or reasonably should know (themselves or by their representatives), actually or constructively, that patents accord certain monopoly rights and market advantages.

14. Upon information and belief, the Defendants know, or reasonably should know (themselves or by their representatives), actually or constructively, that patent rights do not arise spontaneously and that they do not possess any United States Patents rights in the unpatented articles advertised as "patented".

15. The Defendants collectively or individually, have advertised (or caused to be advertised) and upon information and belief presently advertise (or cause to be advertised) unpatented articles as "patented design", and "unique patented design" and as the product of "... a patented secret method utilized for making key rings...".

16. Because Defendants have no patent, nor a pending patent application, and are time barred by the "on sale" provision relating to patent applications from submitting an applicable patent application, Defendants cannot harbor any reasonable belief that the unpatented articles have been, or are, or will be entitled to any protection accorded by United States patent laws.

17. For the reasons set forth herein, and/or for other reasons which will be further evidenced in these proceedings, the Defendants have, upon information and belief, falsely advertised their unpatented articles as "patented" with the intent to deceive one or more of: the public; competitors; potential competitors; purchasers; and potential purchasers; in violation of 35 U.S.C. §292.

18. As a direct and proximate result of Defendants' acts of falsely and illegally advertising patent monopolies which they do not possess, Plaintiff has been and continues to be injured and has sustained actual and statutory damages.

19. As a direct and proximate result of Defendants' acts of falsely and illegally advertising patent monopolies which they do not possess, the interests of the United States have been and continue to be injured and such interests have sustained and will continue to sustain actual and statutory damages.

20. The Plaintiff has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action. The Court has the discretion to award the Plaintiff, and the Plaintiff is entitled to recover its reasonable and necessary attorneys' fees, costs, and expenses.

21. For the reasons set forth herein, and/or for additional or alternative reasons which shall be evidenced through these proceedings, each instance of advertising (or

causing to be advertised) each unpatented article as "patented" by the Defendants constitutes an "offense" for the purposes and remedies of 35 U.S.C. §292(a).

## VI.   PRAYER FOR RELIEF

Plaintiff prays for the following relief:

A. A judgment that the Defendants have violated the provisions of 35 U.S.C. §292, as alleged herein;

B. A judgment and order requiring the Defendants to pay to the Plaintiff, and to the United States Treasury, to share equally pursuant to statue, a civil monetary fine of FIVE HUNDRED DOLLARS ($500) per false marking offense.

C. A judgment and order finding this to be a case in which the equities and circumstances requiring the Defendant to pay the costs of this action (including all disbursements) and attorneys' fees incurred by the Plaintiff and the United States.

D.   Such other and further relief as the Court deems just and equitable.

Dated: September 11, 2009

Respectfully submitted,

By: _____
MICHAEL T. KONCZAL
Texas State Bar No. 24067958

KONCZAL LAW FIRM PLLC
P.O. Box 863656
Plano, Texas 75093

214-228-3641

mike@patentmike.com

Attorney Pro se

COMPLAINT FOR FALSE PATENT MARKING – Page 7